Dear Mr. Roy:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. Specifically, you ask whether it would be permissible for you to teach at a state-funded university, college, or community college while holding your current position as an assistant district attorney for St. Bernard Parish.
In your request letter, you state that you currently hold a position as an assistant district attorney for St. Bernard Parish and receive a paycheck from both the state and parish for this occupation. In the event you secure additional employment as a teacher at a state-funded institution, you will be receiving two paychecks from the state of Louisiana. Your query stems from this possibility. The fact that you may possibly receive two paychecks from the state of Louisiana is of little consequence. As stated previously in Attorney General Opinion Number 39-345, "compensation, in general, has no effect upon the permissiveness or disallowance of the simultaneous holding of offices under the law." More important are the types of employment and /or positions one holds.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. Within these statutes, are enumerated prohibited combinations of certain positions and offices. However, also enumerated herein are exemptions to certain positions and offices within the context of dual officeholding. Tantamount to your inquiry is LA R.S. 42:66 (B), which states:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school from holding at the same time an elective or appointive office.
Therefore, this "educator exception" is only applicable to those individuals who hold an elective or appointive office, and are employed in a professional educational capacity. It does not apply to those individuals whose position meets the statutory definition of basic "employment" as set forth in 42:62 (3). The definition of "appointive office" can be found at LA R.S. 42:62 (2). This statute states that an appointive office is:
 Any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. [Emphasis added]
The Constitution of the State of Louisiana of 1974, Article 5, §26 (A) states that "a district attorney may select assistants as authorized by law." LA R.S. 16:51 (A) elucidates this language by providing that:
 The district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary. [Emphasis added].
LA R.S. 16:51 (A) continues and sets forth a minimum number of assistant district attorneys each judicial district and the parish of Orleans may have. Additional assistant district attorneys are provided for in LA R.S. 16:53. Again, the statute clearly states that "the district attorney may appoint additional assistant district attorneys."[Emphasis added].
LA R.S. 16:51 (B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney." This language further supports the contention that the position of assistant district attorney is an appointive office, as such language is not reminiscent of basic employment. Please refer to Attorney General Opinion Nos. 00-111, 97-3, 96-331, 95-206, 93-463, all of which affirm the notion that the position of assistant district attorney is an appointive position and meets the definitional requirements set forth by La. R.S. 42:62 (2).
Next, in order to comply with LA R.S. 42:66 (B), it is important to note the meaning of "professional educational capacity." This office has defined "professional educational capacity" to include: duties that affect the curriculum taught at the university or college, duties that require participation in the delivery of educational programs at the institution, and duties that require the planning of long and short range educational goals for the students. See Opinion Nos. 94-393, 95-113, 97-304, 98-82, and 00-63. Therefore, a position with the educational institution must be one in which the educator actually teaches or otherwise has some direct impact on the curriculum or educational programs at the institution. Thus, if the teaching position at the state-funded institution falls within this definition, under the auspice of LA R.S. 42:66 (B), your employment as an educator in said institution will be exempted from consideration of a potential dual officeholding violation.
Therefore, it is the opinion of this office that you may maintain your appointed position as an assistant district attorney for St. Bernard Parish and teach at a state-funded institution without violating dual officeholding provisions.
It should be noted that this opinion addresses only the possible dual officeholding implications of maintaining these two positions. This opinion assumes that your duties and hours worked as an assistant district attorney will not be compromised by possibly taking an additional position as a teacher. Matters such as this and other details directly related to your future appointment as an assistant district attorney should you accept a position as a teacher should be addressed to the St. Bernard Parish District Attorney.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ ANDREW D. BENTON Assistant Attorney General